UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

PAVEL VYSOVSKY, et al., :

                Plaintiffs, : 01 Civ. 2531 (LMM)

   - against - : MEMORANDUM AND ORDER

PETER GLASSMAN aka PETER GLAZMAN, :
et al.,
                               :
                Defendants.
                               :

------------------------------------x

McKENNA, D.J.,

      In this Memorandum and Order, the Court considers the parties' requests for clarification, as to certain issues, of the Court's Memorandum and Order of October 23, 2007 ("Order").[1]

      The resolution sought by plaintiffs is that:

- if Plaintiffs establish the existence of a fraudulent oral contract, they will be able to recover the difference between what they were promised and what they received;

- that the limitations period should be six years under the CPLR §213; and

- Plaintiffs should be entitled to statutory reasonable attorneys' fees and costs, as provided for in General Business Law §619; and if necessary,

---

[1] Familiarity with the Order is assumed. In the Order the Court granted summary judgment in favor of defendants on all of plaintiffs' claims of the Second Amended Complaint except those brought under (i) the New York Franchise Act, General Business Law §§ 680 et seq. and (ii) New York Labor Law § 193 insofar as it prohibits unlawful deductions. The parties' positions and arguments are contained in Mr. Kass' letters of March 28, 2008 and April 4, 2008, and Mr. Wisniewski's letters of March 31, 2008 and April 4, 2008.

>   - to amend the operative complaint to add a claim for fraud.

(Wisniewski Letter to Court, Mar. 31, 2008, at 4.) The Court's clarifications follow.

**1.**

As to the first issue -- whether or not plaintiffs can recover the difference between the 60-65% commissions they allege to have been promised to them -- plaintiffs cannot recover as a matter of breach of contract, such a claim not having survived defendants' motion for summary judgment. The Order, however, did not result in the dismissal of plaintiffs' claim that the fraud provisions of the Franchise Act, General Business Law § 687, were violated, see Order at 31, and, if plaintiffs can show that they were damaged by such fraud on the part of defendants (rather than by breach of contract), nothing in the Order precludes relief.[2] The Court is unable, of course, to determine whether provable facts will support such a claim.

**2.**

The statute of limitations for the claim under General Business Law § 687 is three years. See General Business Law § 691(4). The statute runs from "the act or transaction

---

[2] As to this issue, the Court does not find the argument of defendants based on General Business Law § 691(2) (see Kass Letter, Mar. 28, 2008, at 1-3) persuasive.

2

constituting the violation." <u>Id.</u> N.Y.C.P.L.P. § 213 does not apply to such a claim.

### 3.

It plaintiffs were to establish a willful and material violation of General Business Law § 687, and recover more than nominal damages, they would be entitled to interest (at 6%) and reasonable attorneys' fees, as provided in General Business Law § 691(1).

\*   \*   \*

if the parties (both sides) would like to be referred to (i) court-annexed mediation, or (ii) a settlement conference with a Magistrate Judge, the Court should be so informed in writing (specifying which). If not, the parties should contact the Courtroom Deputy (212-805-0111) to schedule a conference at which a trial date can be discussed.

SO ORDERED.

Dated:  July 28, 2009

_____
Lawrence M. McKenna
U.S.D.J.